IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TEENS OF TOMORROW, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV127 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF BELLEVUE, NEBRASKA; | ) | MEMORANDUM AND ORDER |
| CITY OF LINCOLN, NEBRASKA; | ) | |
| CITY OF OMAHA, NEBRASKA; | ) | |
| CITY OF PAPILLION, NEBRASKA; | ) | |
| CITY OF LA VISTA, NEBRASKA; | ) | |
| CITY OF COLUMBUS, NEBRASKA; | ) | |
| CITY OF FREMONT, NEBRASKA; | ) | |
| CITY OF RALSTON, NEBRASKA; | ) | |
| CITY OF COUNCIL BLUFFS, IOWA; | ) | |
| and CITY OF CARTER LAKE, IOWA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the motion of plaintiff Teens of Tomorrow, Inc. ("TOT")[1] for "a temporary restraining order and preliminary injunction against the Defendants" filed pursuant to Federal Rule of Civil Procedure 65(b) (Filing No. 37). Plaintiff seeks an order "[r]estraining and enjoining the Defendant cities from serving TOT, its agents or volunteers, with any citations, cease and desist orders, or otherwise preventing TOT and its volunteers from legally

---

[1] While the caption of the complaint lists only "TEENS OF TOMORROW, an Iowa Corporation" as the plaintiff, the signature block of the complaint reads, "TEENS OF TOMORROW, and QUENTON PFITZER - Plaintiffs" (Filing No. 1, at 13). At the hearing on this motion, counsel for TOT represented to the Court that Quenton Pfitzer is not a plaintiff in this action.

soliciting as a non-profit organization within city limits" (*Id.*, at 1-2).

Objections to plaintiff's motion for temporary restraining order have been filed by the City of Lincoln (Filing No. 61); the City of Papillion (Filing No. 67); the City of Bellevue (Filing No. 71) and by the City of Ralston (Filing No. 72). Those objections will be sustained.

A hearing was held on May 29, 2013, at which time evidence was offered by the parties and the Court heard arguments on the motion (with the exception of the City of Omaha, which did not attend the hearing). After consideration of the evidence, the briefs, and the relevant law, the Court finds that plaintiff's motion should be denied.

"[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). "In balancing the equities no single factor is determinative." *Dataphase*, 640 F.2d at 113.

Plaintiff's complaint seeks declaratory and injunctive relief and damages due to alleged violations of the First and

-2-

Fourteenth Amendments to the United States Constitution, as well as similar clauses of the Nebraska Constitution.  Plaintiff claims that it is a "duly incorporated non-profit organization organized under Iowa law, certified by the Nebraska Secretary of State to do business in the state of Nebraska," and that it is a non-profit organization under 26 U.S.C. § 501(c)(3) (Filing No. 1, at ¶¶ 4, 5).  In support of its motion, plaintiff offered a set of affidavits individualized for each defendant, executed by Quenton Pfitzer, Executive Director and registered agent for plaintiff.  In addition, two general affidavits were filed on behalf of the plaintiff.

   **1.  Irreparable Harm**.  Mr. Pfitzer's first general affidavit[2] states that plaintiff was organized "to provide teens with activities in a positive environment in order to dissuade them from engaging in drugs, gang activities, or other dangerous behaviors" (Pl. Ex. 2 at ¶ 4).  The affidavit describes the process by which Mr. Pfitzer provides candy to the teens, who walk door to door to sell the candy in various neighborhoods.  Mr. Pfitzer claims that despite the fact that all defendant cities besides Ralston exempt non-profit and charitable

---

[2] At the hearing, defendant cities La Vista and Papillion objected to certain paragraphs of this affidavit for lack of foundation and personal knowledge (*see* Filing No. 67).  Because the Court is denying plaintiff's motion, the Court will overrule La Vista's and Papillion's objections, without arriving at any decision on the merits thereto.

organizations from vending permit requirements, defendants "claimed that they could only issue these vending permits to individuals, and they would have required each of my volunteers to get a permit personally" (*Id.* at ¶¶ 12, 13). Mr. Pfitzer stated that when he "attempted to send volunteers into the Defendant cities, I was forced to cease and desist soliciting under threat of arrest, despite Teens of Tomorrow's status as a non-profit organization fitting within exemptions laid out in Defendants' ordinances," unlike other organizations like the Girl Scouts (*Id.* at ¶¶ 16, 17). Furthermore, Mr. Pfitzer states that he has been "cited under multiple city ordinances" and has been "criminally prosecuted" (*Id.* at ¶ 18). Because Mr. Pfitzer does not distinguish any of the defendant cities in this affidavit, the Court is not able on this basis to determine which of the defendant cities, if any, should be subject to an injunction.

Mr. Pfitzer also submitted a set of affidavits regarding each individual defendant. As to the City of Bellevue, Mr. Pfitzer stated that in 2012, "They gave me a permit after arguing about the fees then the next yr the refused to give me another permit yet I didn't get any tickets over that yr" (Pl. Ex. 10A).[3] On a scale of one to ten, Mr. Pfitzer rates "the amount of trouble this Defendant and its agents has caused me and

---

[3] A portion of each affidavit is hand-written and is quoted verbatim.

Teens of Tomorrow" as a "10+++.  They are the reason for the suit" (*Id.*).

As to the City of Lincoln, Mr. Pfitzer states that in 2011, "They took a kid arrested him then let him call me to only find out we are legal and returned him to his Route hours later and they stop kids now and tell them they have the wrong permit and need to get the right one," yet Mr. Pfitzer candidly rates this amount of trouble as a three on a scale of one to ten. (Pl. Ex. 10B).

As to the City of Omaha, Mr. Pfitzer states that in September 2012, "[Unnamed person] Stopped a kid and gave him a ticket saying he is breaking the law" (Pl. Ex. 10C).  Mr. Pfitzer states, "Omaha tickets me about every year and right before court Dismisses them making me leave the neighborhood as people watch me get my ticket"  (*Id.*).  "One time in court I defended myself Judge Lowel (sic) gave me a not guilty plea and told the officer I was legal after that for months that officer was stopping me and even ticket one of my kids made us leave the area in front of a pastor and the kid got convicted of the charges" (*Id.*).  Mr. Pfitzer does not name the nature of the charges.  Yet he does state, "That officer stopped after I made many complaints to Internal affairs" (*Id.*).  Although Mr. Pfitzer rates this amount of trouble as 10++ on a scale of one to ten, when judged by the

evidence he submitted in support of this motion, the difficulty appears to be resolved.

As to the City of Ralston, Mr. Pfitzer states that in 2011, "I can't aford there fee for the size of there city" and rates this amount of trouble as a seven on a scale of one to ten. (Pl. Ex. 10D).

As to the City of Papillion, Mr. Pfitzer states that in 2012, "The refuse to give me a permit," and Mr. Pfitzer rates this amount of trouble as a 10+ on a scale of one to ten. (Pl. Ex. 10E).

As to the City of La Vista, Mr. Pfitzer described a conversation he had in May 2013 with an unnamed person regarding a permit, stating that he left before filing any permit application (Pl. Ex. 10F).  Mr. Pfitzer rates this amount of trouble as a ten on a scale of one to ten.

As to the City of Columbus, Mr. Pfitzer states that in 2011, "police kicked me out told me I needed a permit so I haven't been back since and that was yrs ago," and Mr. Pfitzer rates this amount of trouble as a ten on a scale of one to ten. (Pl. Ex. 10G).

As to the City of Council Bluffs, Iowa,[4] Mr. Pfitzer describes some difficulties he claims he had in May 2013, yet Mr. Pfitzer rates this amount of trouble as a one on a scale of one to ten, stating, "all is fixed now" (Pl. Ex. 10H).

As to the City of Carter Lake, Iowa,[5] Mr. Pfitzer states that "police kicked me out saying I needed a permit so I haven't been back since and that was yrs ago," and Mr. Pfitzer rates this amount of trouble as a ten on a scale of one to ten. (Pl. Ex. 10).

The Court finds that plaintiff's evidence presented against each defendant city, if true, does not establish a present threat of irreparable harm to the plaintiff by any of the defendants.

Mr. Pfitzer's second general affidavit (Plaintiff's Exhibit 11) states that he is "serving legal probation for a matter unrelated to this cause of action" (Pl. Ex. 11, ¶ 1).[6] Mr. Pfitzer claims, "[M]y probation officer stated that, if I

---

[4] Both the cities of Council Bluffs, Iowa, and Carter Lake, Iowa, have filed motions to dismiss, alleging, among other things, lack of personal jurisdiction. In evaluating plaintiff's present motion, the Court does not arrive at any decision regarding the merits of the Iowa cities' motions to dismiss.

[5] See footnote 4.

[6] At the motion hearing, plaintiff objected to defendant cities La Vista's and Papillion's Exhibits 3, 4, and 5, regarding Mr. Pfitzer's criminal history, on relevance grounds. Because plaintiff itself submitted evidence regarding Mr. Pfitzer's criminal history, the Court overrules the objections.

receive one more ticket for soliciting in any of the Defendant cities, he will consider that a violation of my probation and I will be subject to more severe punishments" on the advice of Omaha prosecutor Michael Winchester (Pl. Ex. 11, ¶¶ 10, 4).  The Court finds that this affidavit, if true, states a real but limited threat of irreparable harm to plaintiff's agent, Mr. Pfitzer.  The threat of irreparable harm to plaintiff as a result of Mr. Pfitzer's potential legal troubles is unclear.

  **2. Balance of Interests Among the Parties**.  The Court finds that the state of the balance between this limited threat of irreparable harm to plaintiff's agent and the injury that granting the injunction would inflict on defendants' interests does not favor either party.

  **3. Probability of Success on the Merits**.  At this point in the litigation, the allegations against each defendant are factually undeveloped such that the Court cannot make any real estimation as to the success on the merits of plaintiff's cause of action.  Thus at this stage, the Court cannot say that it is probable that plaintiff will succeed, and this factor favors defendants.

  **4. The Public Interest**.  In its brief, plaintiff did not offer any argument in its favor for this factor, other than a general statement as to the value of free speech and non-discrimination by cities (Filing No. 38, at 5).  On the other

hand, the cities of La Vista, Papillion, and Ralston advocated for the public interest in public safety and the preservation of public peace (Filing No. 68, at 5; Filing No. 73, at 4). The Court finds that this factor does not favor either party. Because none of the *Dataphase* factors favors plaintiff, the Court will deny plaintiff's motion. Accordingly,

IT IS ORDERED:

1) Plaintiff's motion for temporary restraining order (Filing No. 37) is denied.

2) The objections to plaintiff's motion for temporary restraining order (Filing Nos. 61, 67, 71, and 72) are sustained.

DATED this 31st day of May, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court