```
              IN THE UNITED STATES DISTRICT COURT FOR THE

                           DISTRICT OF NEBRASKA


TEENS OF TOMORROW, INC.        )
                               )
             Plaintiff,        )           8:13CV127
                               )
     v.                        )
                               )
CITY OF BELLEVUE, NEBRASKA;    )           MEMORANDUM AND ORDER
CITY OF LINCOLN, NEBRASKA;     )
CITY OF OMAHA, NEBRASKA;       )
CITY OF PAPILLION, NEBRASKA;   )
CITY OF LA VISTA, NEBRASKA;    )
CITY OF COLUMBUS, NEBRASKA;    )
and CITY OF RALSTON, NEBRASKA, )
                               )
             Defendants.       )
_____)
```

This matter is before the Court on the motion of plaintiff Teens of Tomorrow, Inc. (Filing No. 92, with brief, Filing No. 93), filed pursuant to Federal Rule of Civil Procedure 60(b), for reconsideration of the Court's recent order denying plaintiff's motion for a temporary restraining order (Memorandum and Order, Filing No. 80 ("TRO Memorandum")).  The motion for reconsideration is directed to defendant City of Omaha, Nebraska, only.  Defendant City of Omaha filed an opposition to the motion for reconsideration (Filing No. 96, with brief, Filing No. 94, and index of evidence, Filing No. 95).  After careful consideration of the motion, the opposition, the briefs, the evidence, and the relevant law, the Court finds that the motion for reconsideration should be denied.

**I.  Motion for Temporary Restraining Order**.

In its motion for temporary restraining order, plaintiff sought an order "[r]estraining and enjoining the Defendant cities from serving [Teens of Tomorrow], its agents or volunteers, with any citations, cease and desist orders, or otherwise preventing [Teens of Tomorrow] and its volunteers from legally soliciting as a non-profit organization within city limits" (Filing No. 37, at 1-2).  The Court heard arguments on the motion on May 29, 2013; the City of Omaha did not attend the hearing.

The Court analyzed plaintiff's motion for temporary restraining order by using the Eighth Circuit's *Dataphase* factors:  "[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  Because the Court found that none of the *Dataphase* factors favored plaintiff, the Court denied plaintiff's motion.  The Court will not revisit the entirety of its previous analysis but will address the additional arguments made by plaintiff in its motion for reconsideration with regard to the City of Omaha only.

## II. **Motion for Reconsideration**.

    **A. Legal Standard**.  Federal Rule of Civil Procedure 60, Relief from a Judgment or Order, states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "By its terms, . . . Rule 60(b) encompasses a motion filed in response to an order."  *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir. 1999).  "Under Rule 60(b) the movant must demonstrate exceptional circumstances to justify

-3-

relief." *Brooks v. Ferguson-Florissant Sch. Dist.*, 113 F.3d 903, 905 (8th Cir. 1997). Simple reargument will not result in any such relief: "In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim . . . . This is not the purpose of Rule 60(b)." *Broadway*, 193 F.3d at 989-90. "It authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple reargument on the merits." *Id.* at 990.

**B. Discussion**. Plaintiff now states that it "believes that the court overlooked key evidence when making its final decision, and therefore was in error" (Filing No. 93, at 2). Plaintiff states that with regard to the Court's analysis of plaintiff's Exhibit 10C, "the Court incorrectly presumed that the Plaintiff's difficulties with the City of Omaha have been resolved" (*Id.*). The Court notes that in Exhibit 10C, plaintiff's agent, Quenton Pfitzer, represented to the Court that the offending Omaha police officer that "was stopping me and even ticket one of my kids made us leave the area in front of a pastor and the kid got convicted of the charges . . . stopped [doing so] after I made many complaints to Internal affairs" (Pl. Ex. 10C). Accordingly, in acknowledging that this aspect of plaintiff's difficulties "appear[ed] to be resolved," the Court was

summarizing what was explicitly stated by Mr. Pfitzer in his affidavit.

Plaintiff also asks the Court to revisit the statements made in plaintiff's Exhibit 11, Mr. Pfitzer's affidavit describing his potential legal troubles.  Plaintiff avows that the affidavit "states a blatant example of the ongoing risk of irreparable harm that may be suffered" (Filing No. 93, at 2).  The Court previously found that the affidavit, if true, "states a real but limited threat of irreparable harm to plaintiff's agent, Mr. Pfitzer.  The threat of irreparable harm to plaintiff as a result of Mr. Pfitzer's potential legal troubles is unclear" (TRO Memorandum, at 8).  With the present motion, plaintiff does clarify the situation by stating,

> Pfitzer's probation officer informed him that even one more citation from Omaha would be viewed as a violation of his probation.  Because of this action by the Defendant, even one more unfounded citation could result in the revocation of Pfitzer's probation, holding him in contempt of court and jailing him for the remainder of his probation period, pursuant to Iowa State Code § 908.11.  Pfitzer is the Executive Director of Teens of Tomorrow and the only adult supervisor person who is trained and primarily operates its daily functions.  As such, his incarceration would prevent the Plaintiff from being able to operate anymore, severely limiting or ending the Plaintiff

>             organization, and thereby causing
>             irreparable harm.

(Filing No. 93, at 3).

      With its response, defendant City of Omaha submitted an affidavit signed by David Baker, Deputy Chief of Police of the City of Omaha.  Deputy Chief Baker's affidavit states that plaintiff "submitted [a] written statement" showing its tax-exempt status, which would in turn "authorize [its] volunteers to be exempt from obtaining a permit" (Ex. 1, Filing No. 95, at ¶¶ 5, 6).  In addition, "the information [in the written statement] is on file in the Omaha Police Department" (Ex. 1, Filing No. 95, at ¶ 6).  Consequently, Deputy Chief Baker states that "at the present time, I do not know of any reason why Plaintiff would be barred from soliciting in the City of Omaha" (Ex. 1, Filing No. 95, at ¶ 7).  Thus it appears that absent an actual violation of a city ordinance, plaintiff is not under a threat of irreparable harm from the City of Omaha.  On reconsideration, the Court finds that this first *Dataphase* factor does not favor plaintiff.

      The remainder of plaintiff's brief does "nothing more than reargue, somewhat more fully, the merits of [its] claim . . . ."  *Broadway*, 193 F.3d at 989-90.  The Court finds that plaintiff's motion does not reach any of the specific grounds for relief delineated in Rule 60(b), nor does it adequately establish

"exceptional circumstances to justify relief." *Brooks*, 113 F.3d at 905. As a result, the Court finds that plaintiff's motion for reconsideration should be denied. Accordingly,

IT IS ORDERED:

1) Plaintiff's motion for reconsideration (Filing No. 92) is denied; and

2) Defendant City of Omaha's opposition to plaintiff's motion for reconsideration (Filing No. 96) is sustained.

DATED this 8th day of July, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court