IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

TEENS OF TOMORROW, INC.          )
                                 )
            Plaintiff,           )          8:13CV127
                                 )
      v.                         )
                                 )
CITY OF BELLEVUE, NEBRASKA;      )          MEMORANDUM AND ORDER
CITY OF LINCOLN, NEBRASKA;       )
CITY OF OMAHA, NEBRASKA;         )
CITY OF PAPILLION, NEBRASKA;     )
CITY OF LA VISTA, NEBRASKA;      )
CITY OF COLUMBUS, NEBRASKA;      )
and CITY OF RALSTON, NEBRASKA,   )
                                 )
            Defendants.          )
_____)

     This matter is before the Court on the motion of
defendant City of Ralston ("Ralston") (Filing No. 101), filed
pursuant to Federal Rule of Civil Procedure 12(b), seeking
dismissal due to lack of subject matter jurisdiction and failure
to state a claim on which relief can be granted.  Plaintiff Teens
of Tomorrow, Inc., did not file a brief in opposition to
Ralston's motion.  After careful consideration of the motion and
the relevant law, the Court finds that the motion to dismiss for
lack of subject matter jurisdiction should be granted.

**I.  Legal Standard**.

     A federal district court must first address "the
threshold question whether [plaintiff has] alleged a case or
controversy within the meaning of Art. III of the Constitution or
only abstract questions not currently justiciable by a federal

court."  *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 297 (1979).  "[T]he complaint must contain more than bald assertions of injury to survive a motion to dismiss . . . ."  *Burton v. Cent. Interstate Low-Level Radioactive Waste Compact Comm'n*, 23 F.3d 208, 210 (8th Cir. 1994).  "To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an 'injury-in-fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision."  *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

**II.  Discussion**.

As this Court noted in its order denying plaintiff's motion for a temporary restraining order, plaintiff's complaint seeks declaratory and injunctive relief and damages due to alleged violations of the First and Fourteenth Amendments to the United States Constitution, as well as similar clauses of the Nebraska Constitution.  Plaintiff claims that it is a "duly incorporated non-profit organization organized under Iowa law, certified by the Nebraska Secretary of State to do business in the state of Nebraska," and that it is a non-profit organization under 26 U.S.C. § 501(c)(3) (Complaint, Filing No. 1, at ¶¶ 4, 5).  Plaintiff states, "Teens of Tomorrow is a non-profit corporation, created to provide teens with activities in a

-2-

positive environment in order to dissuade them from engaging in drugs, gang activities, or other dangerous behaviors" (*Id.* at ¶ 20). "To this end, plaintiff Teens of Tomorrow employs Nebraska teenage and young adult volunteers to sell items, including but not limited to candy bars, door to door, in order to provide these teens with part-time work, while teaching them useful work skills for later in life . . . ." (*Id.* at ¶ 21).

The complaint continues, "In 2010, 2011, and 2012, Quenton Pfitzer, as registered agent and executive director of Teens of Tomorrow, applied for a vendor license, allowing door-to-door solicitation, for the organization from the Defendant cities" (*Id.* at ¶ 22). Plaintiff states in general terms in its complaint that the defendant cities "would not issue a license for Plaintiff Teens of Tomorrow" (*Id.* at ¶ 23).[1] Moreover, "When attempting to send volunteers into Defendant cities, Quenton Pfitzer has been forced to cease and desist soliciting under threat of arrest . . ." (*Id.* at ¶ 38). In addition, the complaint states that Ralston's hours for solicitation, set by ordinance, are inconvenient for plaintiff (*Id.* at ¶ 39, 41-42).

---

[1] The Court notes that plaintiff described the situation differently in its affidavit supporting its motion for temporary restraining order, where plaintiff's sole stated reason for its difficulties with Ralston read, "I can't aford there fee for the size of there city" (Pl. Ex. 10D).

-3-

Ralston states in its brief, "None of the factual allegations in the Complaint claim that Ralston, or its officials, refused to issue Plaintiff a license to conduct its activities or business within Ralston.  No facts, specific or otherwise, are alleged to show that Plaintiff's volunteers operated in Ralston at all" (Filing No. 103, at 2).  "Plaintiff fails to allege any injury in fact which *ever* occurred in the City of Ralston" (*Id.* at 3).  "Plaintiff has never applied for a permit in Ralston to sell its candy bars.  Neither has it been prevented by Ralston from doing so, with or without a permit, nor has it been threatened with prosecution for doing so" (*Id.*).  "Plaintiff has never conducted activities inside the city limits or jurisdictional limits of Ralston" (*Id.*).[2]

Quite simply, the Court finds that Teens of Tomorrow has not alleged any facts that show that it has suffered an injury-in-fact at the hands of the City of Ralston.  As a result, the Court finds that Teens of Tomorrow lacks standing to bring suit against the City of Ralston and that Ralston's motion to

---

[2] As noted, Teens of Tomorrow did not file a brief in opposition to Ralston's motion.  The Court notes the local civil rule on motion practice:  "Effect of Failure to File.  Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts."  NECivR 7.1(b)(1)(C).

-4-

dismiss for lack of subject matter jurisdiction will be granted.[3] Since "[d]ismissal for lack of jurisdiction is not an adjudication of the merits," the case against Ralston "must be dismissed without prejudice." *Missouri Soybean Ass'n v. U.S. E.P.A.*, 289 F.3d 509, 513 (8th Cir. 2002).  Accordingly,

IT IS ORDERED that defendant Ralston's motion to dismiss (Filing No. 101) is granted.  Plaintiff's complaint as to the City of Ralston is dismissed without prejudice, each side to bear its own costs and attorney fees.

DATED this 30th day of July, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

[3] Having found that it lacks jurisdiction, the Court will not address the merits of Ralston's motion alleging failure to state a claim on which relief can be granted.

-5-